IN THE UNITED STATES DISTRICT COURT FOR
THE EASTERN DISTRICT OF PENNSYLVANIA

| | | |
|---|---|---|
| KIMBERLY ALFONSO<br>810 EAST WILLARD STREET,<br>PHILADELPHIA, PA 19134<br>    and<br>ROBERT TOWNSEND, by<br>KIMBERLY ALFONSO, guardian<br>810 EAST WILLARD STREET,<br>PHILADELPHIA, PA 19134<br>    and<br>SEMAJ TOWNSEND, by<br>KIMBERLY ALFONSO, guardian<br>810 EAST WILLARD STREET,<br>PHILADELPHIA, PA 19134<br>    and<br>MALCOLM MCGLASSON, by<br>KIMBERLY ALFONSO, guardian<br>810 EAST WILLARD STREET,<br>PHILADELPHIA, PA 19134<br>    and<br>MORGAN TOWNSEND, by<br>KIMBERLY ALFONSO, guardian<br>810 EAST WILLARD STREET,<br>PHILADELPHIA, PA 19134<br><br>    VS.<br><br>CITY OF PHILADELPHIA<br>1515 ARCH STREET, 14TH FLOOR<br>PHILADELPHIA, PA 19102<br>    and<br>SERGEANT LEE<br>1515 ARCH STREET, 14TH FLOOR<br>PHILADELPHIA, PA 19102<br>    and<br>POLICE OFFICER REILLY<br>1515 ARCH STREET, 14TH FLOOR<br>PHILADELPHIA, PA 19102<br>    and<br>POLICE OFFICER SAMARCO<br>1515 ARCH STREET, 14TH FLOOR<br>PHILADELPHIA, PA 19102<br>    and | : | CIVIL ACTION |

SGT. LEE, POLICE OFFICER SAMARCO, POLICE OFFICER REILLY
AND/OR POLICE OFFICERS JOHN DOE # 1-3            :
1515 ARCH STREET, 14TH FLOOR            :
PHILADELPHIA, PA.  19102              :        NO.

## COMPLAINT

I.   **INTRODUCTION**

1. Plaintiff brings this action for damages pursuant to 42 U.S.C. § 1983 and the Fourth and Fourteenth Amendments of the United States Constitution.

II.  **JURISDICTION and VENUE**

2. The court has jurisdiction pursuant to 28 U.S.C. §1331 and §1343.

3. Venue is proper under 28 U.S.C. §1391(b) because the cause of action arose in Philadelphia, Pennsylvania, which is in the Eastern District of Pennsylvania.

III. **PARTIES**

4. Plaintiff, Kimberly Alfonso, is an adult citizen and resident of the Commonwealth of Pennsylvania, who resides as captioned and is a member of a class protected under the Due Process Clause of the Fourth and Fourteenth Amendments.

5. Plaintiff, Kimberly Alfonso, brings suit both individually, and as the parent and natural guardian of the four minor children, the plaintiffs, Robert Townsend, Semaj Townsend, Malcolm McGlasson and Morgan McGlasson (hereinafter referred to as the "minor plaintiffs").

6. Plaintiff, Robert Townsend, is a minor, whose interest in this matter is represented by his parent and natural guardian, Kimberly Alfonso, is a citizen and resident of the Commonwealth of Pennsylvania, residing as captioned.

7. Plaintiff, Semaj Townsend, is a minor, whose interest in this matter is represented by his parent and natural guardian, Kimberly Alfonso, is a citizen and resident of the Commonwealth of Pennsylvania, residing as captioned.

8. Plaintiff, Malcolm McGlasson, is a minor, whose interest in this matter is represented by his parent and natural guardian, Kimberly Alfonso, is a citizen and resident of the Commonwealth of Pennsylvania, residing as captioned.

9. Plaintiff, Morgan McGlasson, is a minor, whose interest in this matter is represented by the parent and natural guardian, Kimberly Alfonso, is a citizen and resident of the Commonwealth of Pennsylvania, residing as captioned.

10. Defendant, City of Philadelphia, is a municipal corporation organized and existing under the laws of the Commonwealth of Pennsylvania, which maintains its principal offices in the City of Philadelphia, Pennsylvania, located as captioned.

11. At all material times, defendant, City of Philadelphia, was charged with the responsibility of testing, hiring, training, disciplining and supervising members of the City of Philadelphia Police Department including in particular, the individual defendants, Sgt. Lee, Police Officer Samarco, Police Officer Reilly and/or Police Officers John Doe # 1-3.

12. Defendants, Sgt. Lee, Police Officer Samarco, Police Officer Reilly and/or Police Officers John Doe # 1-3, were at all material times members employed as law enforcement officers by the City of Philadelphia Police Department, and are being sued both individually and in their official capacities as officers, agents and/or employees of the City of Philadelphia.

13. At all material times, defendants, Sgt. Lee, Police Officer Samarco, Police Officer Reilly and/or Police Officers John Doe # 1-3, acted within the course and scope of their employment, under the color of state law and pursuant to the customs, policies and practices of the City of Philadelphia Police Department, and the defendant, City of Philadelphia.

IV.     **FACTUAL AVERMENTS**

14.  At all times relevant hereto, the plaintiff, Kim Alfonso, lived with her four minor children at 810 East Willard Street, Philadelphia, Pa. 19134.

15.  At all times relevant hereto, no other individual resided or stayed with the plaintiffs in their home.

16.  On or about September 30, 2010, at approximately 5:30 pm, the plaintiffs were at home when a police car pulled up in front of the property and the defendants, Police Officer Sgt. Lee, Police Officer Samarco, Police Officer Reilly and/or Police Officers John Doe # 1-3, suddenly battered in their front door and illegally entered their home with their guns drawn.

17.  The defendants did not have a warrant, exigent circumstances, consent, or any other lawful justification to enter the plaintiff's home.

18.  At no material time prior to the entry by defendants did any other individual enter the home.

19.  At no material time was any occupant of the household the subject of a police investigation or warrant.

20.  The entry of the plaintiffs' home uncovered no incriminating evidence for use against the plaintiffs or any other person.

21.  The defendants acted in a disrespectful, intimidating and unnecessarily aggressive manner, and repeatedly used loud profanity during the course of their intrusion into the plaintiffs' home, including while in the presence of the plaintiff's Kimberly Alfonso's minor children, Plaintiffs, Robert Townsend, Semaj Townsend, Malcolm McGlasson and Morgan McGlasson.

22.  When Plaintiff, Kimblerly Alfonso, protested against the flagrant violation of her rights, the police became even more aggressive, repeatedly screaming profanity at the plaintiff and telling her and her children to "Shut the f-ck up."

23. The defendants, Police Officer John Doe #1-3 searched both the upstairs and lower portion of the home before exiting the property with no apology or explanation.

24. As a direct and proximate result of the unconstitutional actions of the defendants, jointly and/or severally, the plaintiffs, Kimberly Alfonso, Robert Townsend, Semaj Townsend, Malcolm McGlasson and Morgan McGlasson suffered emotional distress, anxiety, fear, embarrassment, insomnia, mental anguish and a general and persistent sense of psychological insecurity in the plaintiffs' own home.

25. As a further direct and proximate results of the above, the plaintiffs, Kimberly Alfonso, Robert Townsend, Semaj Townsend, Malcolm McGlasson and Morgan McGlasson suffered uncompensated damage to their property, and have incurred and/or will hereinafter incur other financial expenses and losses.

26. At all material times, the defendants acted with reckless disregard to the Constitutional Rights of the plaintiffs, in particular the plaintiff s' rights under the Fourth and Fourteenth Amendments to the United States Constitution.

## COUNT I – 42 U.S.C. § 1983
## ILLEGAL ENTRY
## KIMBERLY ALFONSO, MALCOLM MCGLASSON, MORGAN MCGLASSON, ROBERT TOWNSEND, AND SEMAJ TOWNSEND v.
## SGT. LEE, POLICE OFFICER SAMARCO, POLICE OFFICER REILLY AND/OR POLICE OFFICERS JOHN DOE # 1-3

27. Paragraphs 1-26 are incorporated by reference, as though fully set forth herein at length.

28. As aforesaid, defendants, Sgt. Lee, Police Officer Samarco, Police Officer Reilly and/or Police Officers John Doe # 1-3, acting within the course and scope of their employment and under color of state law, did intentionally, maliciously an/or recklessly deprive the plaintiffs of their rights, privileges and immunities to be free from illegal entries, searches and seizures; all of which actions violated the plaintiffs' rights under the Fourth and Fourteenth Amendments to the Constitution of the United States, and the Laws of the United States and the Commonwealth of Pennsylvania.

29. As aforesaid, defendants, Sgt. Lee, Police Officer Samarco, Police Officer Reilly and/or Police Officers John Doe # 1-3, acting within the course and scope of their employment and under the color of State law, intentionally and illegally entered the home of plaintiffs without just cause or provocation, which actions violated plaintiffs' rights under the Fourth and Fourteenth Amendments to the Constitution of the United States, and the laws of the United States and of the Commonwealth of Pennsylvania.

30. As aforesaid, defendants, Sgt. Lee, Police Officer Samarco, Police Officer Reilly and/or Police Officers John Doe # 1-3, acting within the course and scope of their employment and under the color of State law, intentionally, maliciously and/or recklessly intimidated, humiliated and insulted the plaintiffs, and used their position of authority, illegally and improperly to enter the home of the plaintiffs, who at all times were not free to leave, and thereby violated the plaintiffs' rights under the Fourth and Fourteenth Amendments to the Constitution of the United States, and the laws of the United States and of the Commonwealth of Pennsylvania.

31. The defendants, Sgt. Lee, Police Officer Samarco, Police Officer Reilly and/or Police Officers John Doe # 1-3, have been deliberately indifferent to the rights of the plaintiffs to be free from illegal searches and seizures, which deliberate indifference violates the plaintiffs' rights under the Fourth and Fourteenth Amendments to the Constitution of the United States and the laws of the United States and of the Commonwealth of Pennsylvania.

32. As a direct and proximate result of the malicious, intentional and reckless actions of the defendants, Sgt. Lee, Police Officer Samarco, Police Officer Reilly and/or Police Officers John Doe # 1-3, the plaintiffs suffered injuries and damages, as more fully described above.

33. The above described actions of the defendants, Sgt. Lee, Police Officer Samarco, Police Officer Reilly and/or Police Officers John Doe # 1-3, in their individual capacities, were so malicious, intentional and reckless and displayed such a reckless indifference to

the plaintiffs' rights and well-being, that the imposition of punitive damages is warranted.

**WHEREFORE**, pursuant to 42 U.S.C. § 1983 and § 1988, the plaintiffs, Kimberly Alfonso, Robert Townsend, Semaj Townsend, Malcolm McGlasson and Morgan McGlasson, demand compensatory and punitive damages against defendants, Sgt. Lee, Police Officer Samarco, Police Officer Reilly and Police Officers John Doe # 1-3, jointly and/or severally, in their individual capacities, in an amount to fairly and adequately compensate the plaintiffs, plus interest, costs, attorney's fees and all other appropriate relief.

<u>**COUNT II – 42 U.S.C. §1983**</u>
<u>**BYSTANDER LIABILITY**</u>
<u>**KIMBERLY ALFONSO, MALCOLM MCGLASSON, MORGAN MCGLASSON, ROBERT TOWNSEND, AND SEMAJ TOWNSEND v.**</u>
<u>**SGT. LEE, POLICE OFFICER SAMARCO, POLICE OFFICER REILLY AND/OR POLICE OFFICERS JOHN DOE # 1-3**</u>

34. Paragraphs 1-33 are incorporated by reference, as though fully set forth at length.

35. Plaintiffs believe and therefore aver that defendants, Sgt. Lee, Police Officer Samarco, Police Officer Reilly and/or Police Officers John Doe # 1-3, encouraged and stood idly by while the plaintiffs' rights were violated, which action and/or inaction deprived the Plaintiffs of their constitutional rights and privileges under the Constitution of the United States and the laws of the United States.

36. Plaintiffs believe and therefore aver that Sgt. Lee, Police Officer Samarco, Police Officer Reilly and/or Police Officers John Doe # 1-3, encouraged and failed to prevent the illegal entry into the plaintiffs' home, which deprived the plaintiffs of their rights under the Fourth and Fourteenth Amendments of the Constitution of the United States.

37. As aforesaid, Sgt. Lee, Police Officer Samarco, Police Officer Reilly and/or Police Officers John Doe # 1-3, failed to fulfill their obligation to intervene when they had

an independent and affirmative duty to prevent the illegal entry into the Plaintiffs' home.

38. By encouraging and failing to intervene, the Sgt. Lee, Police Officer Samarco, Police Officer Reilly and/or Police Officers John Doe # 1-3, effectively assisted each other in the illegal entry of the Plaintiffs' home and thereby deprived the Plaintiffs of their rights and privileges under Fourth and Fourteenth Amendments of the Constitution of the United States.

39. The aforesaid actions of Sgt. Lee, Police Officer Samarco, Police Officer Reilly and/or Police Officers John Doe # 1-3, in their individual capacities were so malicious, intentional and/or reckless and displayed such a reckless indifference to the Plaintiffs' rights and well-being that the imposition of punitive damages is warranted.

**WHEREFORE,** pursuant to 42 U.S.C. § 1983 and § 1988, the plaintiffs, Kimberly Alfonso, Robert Townsend, Semaj Townsend, Malcolm McGlasson and Morgan McGlasson, demand compensatory and punitive damages against defendants, Sgt. Lee, Police Officer Samarco, Police Officer Reilly and Police Officers John Doe # 1-3, jointly and/or severally, in their individual capacities, in an amount to fairly and adequately compensate the plaintiffs, plus interest, costs, attorney's fees and all other appropriate relief.

### COUNT III - 42 U.S.C. § 1983
### MONELL CLAIM / UNCONSTITUTIONAL CUSTOM, POLICY AND PRACTICE
### KIMBERLY ALFONSO, MALCOLM MCGLASSON, MORGAN MCGLASSON, ROBERT TOWNSEND, AND SEMAJ TOWNSEND v.
### CITY OF PHILADLEPHIA

40. Paragraphs 1-39 are incorporated by reference, as though fully set forth at length.

41. Plaintiffs believe and therefore aver that the Philadelphia Police Department and defendant, City of Philadelphia, have adopted and maintained for many years a recognized and accepted policy, custom and/or practice of systematically violating the right of Philadelphia residents in poor, predominantly minority neighborhoods to

be free from warrantless, illegal entries and unreasonable searches and seizures, and subjecting individuals to the same type of treatment to which plaintiffs were subjected, which policy, custom and/or practice constitutes violates the Fourth and Fourteenth Amendments of the Constitution of the United States, the laws of the United States and is in violation of 42 U.S.C. § 1983.

42. Plaintiffs believe and therefore aver that the Philadelphia Police Department and defendant, City of Philadelphia, have adopted and maintained for many years a recognized and accepted policy, custom and/or practice, which allows for unconstitutional entry into private residences by members of the highway patrol unit of the Philadelphia Police Department, the same type of treatment to which the plaintiffs were subjected, which policy, custom and/or practice violates the Fourth and Fourteenth Amendments of the Constitution of the United States, the laws of the United States and is in violation of 42 U.S.C. §1983.

43. Plaintiffs believe and therefore aver, that on or about December 31, 2009, when the Plaintiffs' rights were violated, the defendant, City of Philadelphia, knew or should have known of the aforesaid-described policy, custom and/or practice of members of the highway patrol unit of the Philadelphia Police Department, and that it nonetheless knowingly, deliberately and/or recklessly failed to take measures to stop or limit the policy, custom and/or practice, including, inter alia, providing proper training, supervision, discipline and/or control of the officers, agents and/or employees of the Philadelphia Police Department.

44. By failing to take action to stop or limit the aforesaid policy, custom and/or practice, and by knowingly, deliberately and/or recklessly remaining indifferent to the systematic abuses which occurred in accordance with and as a direct and proximate result of the policy, custom and/or practice, defendant, City of Philadelphia, condoned, acquiesced in, participated in and perpetrated the policy, custom and/or practice, in violation of the plaintiffs' rights under the Fourth and Fourteenth

      Amendments of the Constitution of the United States, as well as the laws of the United States of America and the Commonwealth of Pennsylvania.

45.   As a direct and proximate result of the malicious, intentional and/or reckless actions of the defendant, City of Philadelphia, Plaintiffs suffered the injuries that are described above.

**WHEREFORE**, pursuant to 42 U.S.C. § 1983 and § 1988, the plaintiffs, Kimberly Alfonso, Robert Townsend, Semaj Townsend, Malcolm McGlasson and Morgan McGlasson, demand compensatory damages against the defendant, City of Philadelphia, in an amount to fairly and adequately compensate the plaintiff's, plus interest, costs, attorney's fees and all other appropriate relief.

                        **ABRAMSON & DENENBERG, P.C.**

                        BY: _____
                        ALAN E. DENENBERG, ESQUIRE
                        ABRAMSON & DENENBERG, P.C.
                        1315 WALNUT ST., 12TH FLOOR
                        PHILADELPHIA, PA 19107
                        215-546-1345